## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

SARAH E. THOMPSON and EDWARD T. METZ,

Plaintiff-Appellants,

v.

BRIAN P. KEMP, in his official capacity, acting as the Governor of the State of Georgia, et al.

Defendant-Appellees.

On Appeal from the United States District Court for
the Northern District of Georgia, Atlanta Division

---

**APPELLEES' BRIEF OF COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, TORI SILAS, STEVEN BRUNING, STACY EFRAT, DEBBIE FISHER, JENNIFER MOSBACHER, and TATE FALL**

---

Daniel W. White
HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Ave NE
Marietta, GA 30060
(770) 422-8900
dwhite@hlw-law.com
*Counsel for Cobb Elections Appellees*

Dated: February 20, 2025

## <u>APPPELLEE'S CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record for Appellees, Cobb County Board of Elections and Registration, Tori Silas, Steven F. Bruning, Stacy Efrat, Debbie Fisher, Jennifer Mosbacher, and Tate Fall, submits the following list of trial judge(s), and attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal:

Aaron, Charles P., Counsel for Defendant-Appellee Bulloch County Board of Elections

Benton, Jim, in his official capacity as Member of the Bulloch County Board of Elections, Defendant-Appellee

Bulloch County Board of Elections, Defendant-Appellee

Bruning, Steven F., in his official capacity as Member of the Cobb County Board of Elections and Registration, Defendant-Appellee

Carr, Christopher M., Attorney General, Counsel for Defendant-Appellees

Cobb County Board of Elections and Registration, Defendant-Appellee

Daughtry, William, in his official capacity as Member of the Bulloch County Board of Elections, Defendant-Appellee

Efrat, Stacy in his/her official capacity as Member of the Cobb County Board of Elections and Registration, Defendant-Appellee

Fall, Tate in her official capacity as Cobb County Director of Elections, Defendant-Appellee

Fisher, Debbie in her official capacity as Member of the Cobb County Board of Elections and Registration, Defendant-Appellee

GoReclaimGA, LLC, Non-Party

Jackson, Theresa, in her official capacity as Member and Chairwoman of the Bulloch County Board of Elections, Defendant-Appellee

Johnson, Tiffany R., U.S. District Court Judge

Jones, Shontay, in her official capacity as Election Supervisor of Bulloch County, Defendant-Appellee

Kemp, Brian, in his official capacity as Governor of the State of Georgia, Defendant-Appellee

Long, Kristyn, Executive Counsel for Defendant-Appellee Brian Kemp, Governor of Georgia

McGowan, Charlene S., General Counsel for Defendant-Appellee Brad Raffensperger, Georgia Secretary of State

Metz, Edward T., Plaintiff-Appellant

Mosbacher, Jennifer in her official capacity as Member of the Cobb County Board of Elections and Registration, Defendant-Appellee

Noonan, Alexandra M., Assistant Attorney General, Counsel for Defendant/Appellees

Raffensperger, Brad, in his official capacity as Georgia Secretary of State, Defendant-Appellee

Rountree, George H., Counsel for Defendant-Appellee Bulloch County Board of Elections

Silas, Tori in her official capacity as Member and Chairwoman of the Cobb County Board of Elections and Registration, Defendant-Appellee

Thompson, Sarah E., Plaintiff-Appellant
Young, Elizabeth T., Senior Assistant Attorney General, Counsel for Defendant-Appellees

Webb, Bryan K., Deputy Attorney General, Counsel for Defendant-Appellees

Submitted this 20th day of February, 2025.

/s/ Daniel W. White
Daniel W. White
Georgia Bar No. 153033
*Counsel for Cobb Elections Appellees*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

In the interest of conserving judicial and party resources, Cobb County Appellees believe oral argument is unnecessary. The issues on appeal here—including the threshold jurisdictional issues regarding appeal of an order denying a request for a temporary restraining and mootness—are not novel questions that merit oral argument.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT

TABLE OF CONTENTS…………………………………………………………...i

TABLE OF AUTHORITIES……………………………………………………….ii

INTRODUCTION ………………………………………………………………1

BACKGROUND ……………………………………………………………..3

STANDARD OF REVIEW ……………………………………………………...5

SUMMARY OF ARGUMENT…………………………………………………..6

ARGUMENT AND CITATIONS OF AUTHORITY………………………………7

I.      This Court lacks jurisdiction, because the denial of Appellants' motion
        for a temporary restraining order is not directly appealable…….…….…….7

II.     Appellants' motion for temporary restraining order is moot, because
        the State of Georgia has certified the election results………………………10

III.    This Court should affirm the denial of the temporary restraining
        order, because the November 2024 election was conducted
        pursuant to applicable state statutes………………………….…………..12

CONCLUSION ………………………………..………………………………18

CERTIFICATE OF COMPLIANCE ………..…………………………………… 19

CERTIFICATE OF SERVICE ………………..………………………………….. 20

# TABLE OF AUTHORITIES

**Cases**

AT&T Broadband v. Tech. Communs., Inc. …………...………………………...2, 7
381 F.3d 1309 (11th Cir. 2004)

B&B Chem. Co. v. United States E.P.A. …………………………………………10
806 F.2d 987 (11th Cir. 1986)

BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC …..5-6
425 F.3d 964 (11th Cir. 2005)

Brooks v. Ga. State Bd. of Elections…………………………...……………………10
59 F.3d 1114 (11th Cir. 1995)

Church v. City of Huntsville…………………………………………………………..8
30 F.3d 1332 (11th Cir. 1994)

Church of Scientology of Cal. v. United States…………………...………………10
506 U.S. 9 (1992)

Cobb Cty. Bd. of Elections & Registration et al. v. State Election Bd. et al. ….....16
No. 24CV012491 (Fulton Cty. Super. Ct. Oct. 15, 2024)

De La Fuente v. Kemp…………………………………………………………10, 11
679 F. App'x 932 (11th Cir. 2017)

Eternal Vigilance Action, et al. v. State of Georgia, et al. …………...……………16
No. 24CV011558 (Fulton Cty. Super. Ct. Oct. 16, 2024)

Gonzalez v. Governor of Georgia …………………………………………………..5
978 F.3d 1266 (11th Cir. 2020)

In re Dec. 6, 2022 Gen. Election Ballot…………………………………….....9
316 Ga. 843 (Ga. 2023)

Jackson v. Inch …………………………………………………………..5, 7
816 F. App'x 309 (11th Cir. 2020)

Jones v. Norris ………………………………………...…………………..15
262 Ga. 468 (Ga. 1992)

LaTele Television, C.A. v. Telemundo Communications Grp., LLC, ………………5
9 F.4th 1349 (11th Cir. 2021)

Long v. Sec'y Dep't of Corr. …………………………………………………5
924 F.3d 1171 (11th Cir. 2019)

Najjar v. Ashcroft………………………………………………………….3, 11
273 F.3d 1330 (11th Cir. 2001)

Nat'l Broadcasting Co., Inc. v. Communications Workers of Am. …….…………11
860 F.2d 1022 (11th Cir. 1988)

Rhoden v. Athens-Clarke County Bd. of Elections ………………...……...13, 14, 15
310 Ga. 266 (Ga. 2020)

Schiavo ex rel. Schindler v. Schiavo………………………………...…….....2, 7, 8
403 F.3d 1223 (11th Cir. 2005)

Wood v. Raffensberger………………………………………………………10
981 F.3d 1307 (11th Cir. 2020)

Wreal, LLC v. Amazon.com, Inc. …………………………………….………8
840 F.3d 1244 (11th Cir. 2016)

**Statutes**

28 U.S.C. § 1292(a)(1)………………………………...………7, 9

O.C.G.A. § 21-2-300 ………………………………………………...12

O.C.G.A. § 21-2-437 ………………………………………………...12

O.C.G.A. § 21-2-437(d) ……………………………………….…14

O.C.G.A. § 21-2-438(a) ……………………………………...………14

O.C.G.A. § 21-2-480 to § 21-2-486 ………………………………...13, 16

O.C.G.A. § 21-2-485 …………………………………………..……………...…17

O.C.G.A. § 21-2-485(1) …………………………………………………...…17

O.C.G.A. § 21-2-485(2) ………………………………………………..…17

**Rules**

Fed. R. Civ. P. 65(b)(1)………………………………………………………..8

Ga. Comp. R. & Regs. 183-1-12-.12 ……………………………………...16

## INTRODUCTION

Appellants Sarah Thomson and Edward Metz have a history of filing *pro se* complaints alleging the integrity of Georgia's elections is compromised based on their incorrect reading of relevant statutes and clear case law. In this most recent filing, Appellants again allege harm where there simply is no harm. Despite their stated concern for the integrity of Georgia's elections, Appellants waited until five days before the November 5, 2024 general election to seek "emergency" relief against numerous governmental officials and boards of election, including Appellees Cobb County Board of Elections and Registration ("Cobb BOER"), Tori Silas, Steven Bruning, Stacy Efrat, Debbie Fisher, Jennifer Mosbacher, and Tate Fall (collectively "Cobb Appellees").

Appellants "Verified Complaint for Emergency Motion for Temporary Restraining Order" asked the District Court to enjoin Cobb BOER from using the state-authorized electronic voting machines; to require a hand count of votes in the November 5, 2024 General Election; and to certify those hand-counted vote results. Appellants' decision to file at such an extremely late date was not because they only recently discovered new information requiring the emergency relief they sought. Doc. 26-1, pp. 10-52. Indeed, they filed a similar lawsuit on essentially the same grounds in 2022, and that challenge to Georgia's electronic voting system was denied. Accordingly, the district court properly denied Appellants most recent

request for a temporary restraining order, which Appellants now appeal. *See* Doc. 1-2.[1]

The Court should dismiss the appeal, because it lacks jurisdiction on two bases. First, orders denying requests for temporary injunctive relief are not immediately appealable unless either (1) it is clear from the circumstances that the ruling was actually a denial of a preliminary injunction, <u>AT&T Broadband v. Tech. Communs., Inc.</u>, 381 F.3d 1309, 1314 (11th Cir. 2004); or (2) the denial of the temporary restraining order would have "serious, perhaps irreparable, consequence, and can be effectually challenged only by immediate appeal," <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1225 (11th Cir. 2005). Neither category applies in this case. The district court's decision was not actually a denial of a preliminary injunction. Appellants merely sought a five-day temporary restraining order, which the district court denied *sua sponte* without any notice to Appellees Cobb BOER, which had no opportunity to be heard. Further, this is not the rare case in which denial of a temporary restraining order threatens irreparable consequences that must be immediately addressed on appeal. In fact, Appellants have not even identified what irreparable harm they face, nor have they explained why they delayed until five

---

[1] All docket numbers and page numbers refer to this Court's electronic docketing numbers.

days before the general election to file this action. Accordingly, this Court should dismiss Appellants' appeal for lack of jurisdiction.

Next, this Court should dismiss this appeal, because it is moot. All of the votes from the November 5, 2024 General Election have been counted, and those election results have been certified by the State and by Congress. Although there is an exception to the mootness bar in circumstances that are capable of repetition but that evade review, <u>see Najjar v. Ashcroft</u>, 273 F.3d 1330, 1340 (11th Cir. 2001), that exception does not apply in this case. Appellants are not likely to find themselves filing for emergency relief to stop the certification of a presidential election. Moreover, assuming arguendo that Appellants have any viable claims in the complaint, the district court can address those long before the next general election in 2026.

## **<u>BACKGROUND</u>**

On October 31, 2024, a mere five days before the General Election, Appellants filed their initial pleading in the district court. That initial pleading was styled as a "Verified Complaint for Emergency Motion for Temporary Restraining Order." <u>Doc. 26-1, pp. 10-52.</u>. The motion for temporary restraining order is difficult to follow,[2]

---

[2] The District Court specifically noted that Appellants' Complaint is "difficult to follow" and failed to enumerate their causes of action or identify which defendants the claims are asserted against. Doc. 26-1, p. 55. The Court also correctly ruled that Appellants' failed to comply with the Court's Standing Order and Local Rules, as well as FED. R. CIV. PRO. 65(b)(1). Doc. 26-1, pp. 58-61.

but it generally alleges that (1) use of the optical scanning voting equipment violates Georgia law, because, Appellants claim, the law requires a "procedure for counting and return of the votes by the prescribed human method," and for "accounting of paper ballots by human hand count, tally papers, ink, and paper procedure conducted by all poll officers," Doc. 26-1, pp. 19-20; (2) this failure to count the ballots by the "human method" renders the ballots "UNCOUNTED," Doc. 26-1 at pp. 13-14; (3) Defendants' subsequent transfer of ballots from the voting precincts to the "county superintendent" amounts to "unlawful property transfers of [the] cast paper ballots from [the] fixed Precinct Election Locations to county jurisdictional offices prior to the counting of Plaintiffs' votes," Doc. 26-1, p. 21; and (4) the "status quo executive rules and policies superseding State laws" violate Plaintiffs' statutory and constitutional rights to vote, Doc. 26-1, p. 20. Appellants sought a temporary restraining order enjoining various state and local elections officials from using the optical scanning voting equipment and from "interfering with poll officers in their required accounting of tally papers and paper ballots on November 5, 2024." Doc. 26-1, pp. 49-51.

The district court denied the emergency motion for temporary restraining order *sua sponte* on November 1, 2024. Doc. 26-1, pp. 54-70.. At the time of the district court's order, none of the Cobb Appellees had been served, nor had they received any notice of the motion for temporary restraining order, and no hearing on

the motion was held in the district court. This Court docketed the appeal on November 10, 2024. Doc. 1.

On November 18, 2024, Appellants filed a pleading titled Motion of Appellants for an Injunction Pending Appeal, Temporary Restraining Order and Administrative Injunction. Doc. 3. On November 26, 2024, this Court *sua sponte* dismissed that motion. Doc. 12. On December 23, 2024, Appellants filed their Initial Brief of Appellants. Doc. 20. On January 10, 2025, Appellants filed their Initial Brief of Appellants Amended. Doc. 25.

## STANDARD OF REVIEW

Questions of appellate standing are reviewed *de novo*. LaTele Television, C.A. v. Telemundo Communications Grp., LLC, 9 F.4th 1349, 1357 (11th Cir. 2021). The district court's decision to deny Appellants' motion for a temporary restraining order is reviewed for abuse of discretion. See Jackson v. Inch, 816 F. App'x 309, 311 (11th Cir. 2020) (citing Long v. Sec'y Dep't of Corr., 924 F.3d 1171, 1175 (11th Cir. 2019) ("We review the district court's denial of a motion for a temporary restraining order ... only for abuse of discretion.")). The Court of Appeals reviews the district court's legal conclusions *de novo* and findings of fact for clear error. See Gonzalez v. Governor of Georgia, 978 F.3d 1266, 1270 (11th Cir. 2020). The Court's review under this standard is " 'very narrow' and 'deferential.' " Id. (quoting BellSouth

Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 968 (11th Cir. 2005)).

## SUMMARY OF ARGUMENT

This court does not have jurisdiction over this matter for at least two reasons. First, the Court lacks jurisdiction because this is an appeal of an order denying a motion for a temporary restraining order. This court generally does not have jurisdiction to consider appeals from requests for temporary restraining orders, and the order appealed does not meet either of the recognized exceptions to this rule.

The second reason this Court does not have jurisdiction is because this matter is now moot. The appellants sought an injunction requiring, among other things, the hand counting of ballots in the November 24, 2024 General Election. That election has now passed and the results have been certified, and the court cannot prevent what has already been done. Additionally, this matter does not fall under the standard for matters capable of repetition but evading review.

Lastly, even if this Court had jurisdiction over this matter, this Court should affirm the lower court's order of denying the relief, because the methods employed by the State and the county boards of election to conduct and tabulate votes is the procedure authorized by law, and Appellants have failed to show that they were harmed in any way. Appellants' misreading of one Georgia Supreme Court ruling cannot override the Georgia Election Code and case law that make it clear that the

counties can and must use optical scanning and tabulating equipment currently in place. Appellants did cast their votes on a paper ballot and they cannot show that any harm has come to them by the counties not using their preferred method of tabulation.

## <u>ARGUMENT AND CITATIONS OF AUTHORITY</u>

**I.     This Court lacks jurisdiction, because the denial of Appellants' motion for a temporary restraining order is not directly appealable.**

The denial of a temporary restraining order is not directly appealable unless Appellants demonstrate special circumstances. <u>See</u> 28 U.S.C. § 1292(a)(1). An order denying a motion for a temporary restraining order may be directly appealable if it is truly an order denying a motion for a preliminary injunction. <u>See</u> <u>AT&T Broadband</u>, 381 F.3d at 1314. There are three conditions that must be met for a temporary restraining order to be appealable as a preliminary injunction: (1) the duration of the relief sought exceeds ten days in length; (2) the notice and hearing sought or provided suggest that the relief sought was a preliminary injunction; and (3) the requested relief seeks to change the status quo. <u>See</u> <u>id.</u> at 1314-15; see also <u>Jackson</u>, 816 F. App'x at 310-11. When these three conditions are not present, the Court may still exercise jurisdiction if denying the temporary restraining order might have "serious, perhaps irreparable, consequence, and can be effectually challenged only by immediate appeal." <u>Schiavo</u>, 403 F.3d at 1225.

Neither of the exceptions above applies in this case. Appellants consistently refer to the relief they have sought as a "temporary restraining order." See Doc. 6,p. 2; Doc. 25 p. 4 (citing FED. R. CIV. P. 65(b)(1) "Temporary Restraining Order: (1) Issuing Without Notice"). Appellants sought to stop the use of optical scanning voting equipment in the November 5, 2024 election by filing their motion for a temporary restraining order a mere five days before the election. Cobb Appellees had no opportunity to be heard before the district court issued its order *sua sponte*, because they had no notice of the filing.[3] And while the requested relief did seek to change the status quo, nothing in the motion suggests it was actually a motion for preliminary injunction.

Additionally, Appellants cannot demonstrate that the Court should exercise permissive jurisdiction under Schiavo. Appellants cannot show any irreparable injury that necessitates an immediate appeal. Appellants claim such an injury to their voting rights unless their votes are hand-counted. Doc. 6 at 37-40. However, they offer nothing to support such assertions other than conclusory statements. Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (requiring "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of

---

[3] Appellants assert they "gave practical notice to Appellees in the month prior to the election." Doc. 25, p. 3. Appellees are unsure what Appellants mean by "practical notice," but such notice could not have been notice of a motion for temporary restraining order that would be filed weeks in the future.

future injury"). Appellants have not plead any facts showing how their voting rights are threatened by the use of optical scanning voting equipment.

Finally, Appellants' claim of irreparable injury is undermined by their delay in bringing this motion for temporary restraining order when they assert "[y]ears of this repeat irreparable injury." Doc. 6, p. 38. As the District Court noted, Appellants filed a lawsuit in 2022, raising the same issues with the voting process in Georgia. See In re Dec. 6, 2022 Gen. Election Ballot, 316 Ga. 843, 843 (Ga. 2023). In their 2022 litigation, Appellants decried the electronic ballot marking devices that had been in place for two years, claiming they did not meet statutory requirements, resulting in their ballots being unlawful or unofficial. Id. Despite this professed ongoing injury, Appellants waited until October 31, 2024 to file the motion for temporary restraining order at issue here without explaining the reason for this delay. This extended delay strongly indicates the absence of irreparable injury. See Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1248 (11th Cir. 2016) (showing of irreparable harm undermined by five-month delay).

Because the district court's order is a denial of a temporary restraining order, this Court lack jurisdiction to hear the appeal under 28 U.S.C. § 1292(a)(1) and should dismiss the appeal for lack of jurisdiction.

**II.    Appellants' motion for temporary restraining order is moot, because the State of Georgia has certified the election results.**

The Court also lacks jurisdiction over this appeal because it is moot. An appeal is moot if an action occurs that "makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." <u>Brooks v. Ga. State Bd. of Elections</u>, 59 F.3d 1114, 1118 (11th Cir. 1995) (quoting <u>Church of Scientology of Cal. v. United States</u>, 506 U.S. 9, 12 (1992)). In this case, Appellants sought to restrain the use of optical scanning voting equipment and require the hand count and ink tally of paper ballots. It is now nearly three months past the November 5, 2024 elections, and all of the votes cast in that election across the state, including those of Appellants, have been counted, recorded and certified. Under <u>Brooks</u>, this Court cannot grant "any effectual relief whatever" from the denial of the motion for temporary restraining order. <u>Id.</u> at 1118. The use of the voting equipment that Appellants sought to enjoin already occurred, and the Court "cannot turn back the clock and create a world in which the 20[24] election results are not certified." <u>Wood v. Raffensperger</u>, 981 F.3d 1307, 1317 (11th Cir. 2020); <u>see also</u> <u>De La Fuente v. Kemp</u>, 679 F. App'x 932, 933 (11th Cir. 2017) ("Court cannot prevent what has already occurred"). Accordingly, there is no case or controversy remaining before this Court, and the appeal must be dismissed, because it is moot.

Further, there is no applicable exception to the mootness doctrine that applies here. "Courts have agreed to hear otherwise moot cases in three instances: (1) 'where

the issues are capable of repetition, yet evading review'; (2) 'where an appellant has taken all steps necessary to perfect the appeal and to preserve the status quo before the dispute becomes moot'; and (3) 'where the trial court's order will have possible collateral legal consequences.' " Nat'l Broadcasting Co., Inc. v. Communications Workers of Am., 860 F.2d 1022, 1023 (11th Cir. 1988) (quoting B&B Chem. Co. v. United States E.P.A., 806 F.2d 987, 990 (11th Cir. 1986)).

Appellants have attempted to address only one of these possible exceptions – that the issue they raised is capable of repetition yet evades review. In Najjar, the Eleventh Circuit recognized a "narrow exception for actions that are capable of repetition yet evading review … only the exceptional circumstances in which the same controversy will recur and there will be inadequate time to litigate it prior to is [conclusion]." 273 F.3d at 1340. Appellants' motion for a temporary restraining order involves the method the State of Georgia uses to conduct elections, including how to vote, count those votes, and certify the results of the various elections undertaken across the state. Federal elections occur every two years for Congress and every four years for President and Vice President. There is nothing impeding Appellants from litigating or relitigating these claims about the state's voting procedures before the 2026 or 2028 election cycles. See De La Fuente, 679 F. App'x at 935 (there is "no reason to believe that the district court will be unable to rule on his requests for a permanent injunction and declaratory relief in the next three and a

half years"). Accordingly, the Court should dismiss the appeal as moot because there is no case or controversy remaining before the Court and no exception to the mootness doctrine applies.

**III.    This Court should affirm the denial of the temporary restraining order, because the November 2024 election was conducted pursuant to applicable state statutes.**

Even if the Court does not deny Appellants' appeal on jurisdictional or mootness grounds, the Court should affirm the district court's denial of the temporary restraining order, because Appellants' argument is based on a fundamental lack of understanding of the structure of the Georgia Election Code and a misreading of a case from the Supreme Court of Georgia. Throughout their brief, Appellants cite to O.C.G.A. § 21-2-437 in support of a number of their arguments. Title 21 of the Official Code of Georgia covers elections. Article 11 of Chapter 2 of Title 21 defines preparation for the conduct of primaries and elections. Part 2 of Article 11 describes the requirements for voting precincts using paper ballots in elections. O.C.G.A. § 21-2-437 is situated within Part 2 of Article 11. However, the development of voting has progressed beyond the simple marking of a paper ballot by hand in a voting booth. As Georgia and other states began to modernize and employ new technologies such as voting machines, optical scanners, and ballot marking devices, the Georgia Election Code was updated by the State Legislature to authorize those new technologies.

Accordingly, Part 3 of Article 11 codified the voting process for precincts using voting machines in the late 1960s and early 1970s. In the 1980s, Part 4 of Article 11 codified the voting process for precincts using vote recorders, but that Part was repealed in 2003. In the late 1990s, Part 5 of Article 11 (O.C.G.A. § 21-2-480 to § 21-2-486) codified the voting process for precincts using optical scanning voting equipment, and has been updated as recently as 2021. For the November 2024 General Election, every county in the State of Georgia utilized ballot marking devices and optical scanning voting equipment as required by O.C.G.A. § 21-2-300.

Appellants repeatedly refer to <u>Rhoden v. Athens-Clarke County Bd. of Elections</u>, 310 Ga. 266 (Ga. 2020), in support of the sweeping propositions that Georgia elections must be held via the use of paper ballots; that the Supreme Court of Georgia held as much in the <u>Rhoden</u> decision; and that elections held via the use of optical scanning voting equipment are unlawful. Contrary to Appellants' apparent hopes, the Supreme Court of Georgia's decision in <u>Rhoden</u> does not support Appellants' arguments. In fact, the <u>Rhoden</u> decision makes clear that elections held via optical scanning voting equipment are elections via paper ballot.

The <u>Rhoden</u> case involved the election of a district commissioner in a local election. 310 Ga. at 266. At issue was how to treat the votes cast for a deceased candidate. Three days before the election, candidate Jerry NeSmith died, but on election day, NeSmith received enough votes to win the district commissioner seat.

Id. The Athens-Clarke County Board of Elections, citing O.C.G.A. §§ 21-2-437(d)[4] and 21-2-438(a),[5] voided the votes cast for NeSmith and declared his opponent the winner of the commission seat. Id. A group of voters from the applicable commission district filed a petition challenging the results of the election. Id. at 267. The voters challenging the results argued that because the election was held using the optical scanning voting equipment, the election had not been conducted using paper ballots. Id. at 269. Further, because Part 5 of Article 11 (O.C.G.A. § 21-2-480 to § 21-2-486) does not address how to handle votes cast for a deceased candidate, the language from O.C.G.A. § 21-2-437(d) and § 21-2-438(a) did not apply, and a special election should be called. Id.

At the superior court hearing, the Board of Elections' director testified concerning the voting process using the optical scanning voting equipment. The Supreme Court of Georgia noted:

> "[The Elections Director] testified that voters utilized electronic ballot marking devices to make their selections for each office. Upon confirmation of the voter's selections on the marking device, the voter's

---

[4] The relevant portion of O.C.G.A. § 21-2-437(d) states: "In primaries, votes cast for candidates who have died, withdrawn, or been disqualified shall be void and shall not be counted. In elections, votes for candidates who have dies or been disqualified shall be void and shall not be counted."

[5] The relevant portion of O.C.G.A. § 21-2-438(a) includes the same language as O.C.G.A. § 21-2-437(d) and states: "In primaries, votes cast for candidates who have died, withdrawn, or been disqualified shall be void and shall not be counted. In elections, votes for candidates who have dies or been disqualified shall be void and shall not be counted."

ballot was then printed onto a paper form which, after the voter had another opportunity to confirm or modify his or her selections, was fed into an electronic tabulating device that optically scanned the paper, counted the votes cast for each office, and recorded the votes in a central database. … [E]ven though an electronic marking device and an optical scanner were utilized in the election, all of the ballots cast through this process were 'paper ballots.' " Id. at 269-70 (emphasis added).

Further, the Supreme Court of Georgia found its precedent in Jones v. Norris, 262 Ga. 468 (Ga. 1992), "contemplates that multiple technologies for marking and counting paper ballots can be used in a given election and that the election should still be deemed to have been conducted via paper ballots." Id. at 270. Ultimately, the highest state court in Georgia concluded that "optical scanning systems and electronic ballot markers are technologies that assist election boards in conducting elections *via paper ballots*. In that regard, they are simply an adjunct to an election conducted with paper ballots – *not* a substitute for paper ballots." Id. (emphasis added).

With a much clearer understanding of the Georgia Supreme Court's decision in Rhoden, the Appellants' arguments that the 2024 general election was unlawful because it was not conducted via paper ballots is patently false. The optical scanning voting equipment is authorized by state statutes for use in primaries and elections. Moreover, as Rhoden plainly provides, elections utilizing optical scanning voting equipment are elections conducted via paper ballot. There is no relief to provide Appellants. They already received it. Their votes were cast via paper ballot. Their

votes were cast, counted, recorded and certified in the lawful manner prescribed by the Georgia Election Code.

Appellants also rely incorrectly on provisions in Part 2 of Article 11 for the notion that ballots cast must be counted by hand – and only by hand at the precinct where one votes. Doc. 25, p. 13. There is no requirement for the hand-counting of ballots in Georgia. In September 2024, Georgia's State Election Board passed a regulation attempting to require the hand-counting of ballots – because there was no such requirement in the Election Code. See Doc. 26-1, p. 65 (citing GA. COMP. R. & REGS. 183-1-12-.12). As the district court noted in its order denying Appellants' motion for temporary restraining order, that "Hand Count Rule" was litigated in at least two cases before the Fulton County Superior Court, and in both cases, the court enjoined the enforcement of the "Hand Count Rule.[6]" Id.

Appellants fail to recognize the development of the voting process over time with the introduction of machines to assist in the process and the flexibility provided to elections boards in the Election Code concerning the counting of votes. As noted above, Part 5 of Article 11 of the Official Code of Georgia (O.C.G.A. § 21-2-480 to § 21-2-486) addresses precincts using optical scanning voting equipment in

---

[6] See Order Granting Declaratory and Injunctive Relief, Eternal Vigilance Action, et al. v. State of Georgia, et al., No. 24CV011558 (Fulton Cty. Super. Ct. Oct. 16, 2024); Order on Various Pending Motions, Cobb Cty. Bd. of Elections & Registration et al. v. State Election Bd. et al., No. 24CV012491 (Fulton Cty. Super. Ct. Oct. 15, 2024).

elections. Section 21-2-485 of the Georgia statutes provides certain requirements for counting ballots scanned by the voting equipment but also provides flexibility in that the statute authorizes counting of ballots at a central tabulating center (O.C.G.A. § 21-2-485(1)) or counting of ballots at the precinct level (O.C.G.A. § 21-2-485(2)). The choice is left up to the respective local boards of elections and allows them to identify the best option for them depending on, for example, the number of precincts in their county. Counting at the precinct level may be easier for counties with fewer precincts, while counting at a centralized tabulating center may be easier for counties with larger populations and more precincts. In either case, the Georgia Election Code authorizes the use of optical scanning voting equipment and tabulating of ballots at the precinct or a central location and does not require hand counting of ballots.

In the case of Appellants, their votes were cast via paper ballot albeit through the statutorily authorized process of using optical scanning voting equipment. These votes were counted, recorded, and certified pursuant to the processes laid out in the Election Code and the applicable state regulations. Appellants' votes were never in jeopardy and no irreparable injury occurred. Accordingly, the Court should affirm the denial of Appellants' motion for temporary restraining order, because there is no relief to provide Appellants that they have not already received – the ability to cast lawful votes in the November 5, 2024 General Election.

# **CONCLUSION**

For the foregoing reasons, the Cobb Appellees respectfully request that the

Court affirm the district court's decision denying Appellants' motion for temporary

restraining order.

Respectfully submitted.

/s/ *Daniel W. White*
Daniel W. White

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA 30060
(770) 422-8900
dwhite@hlw-law.com

*Counsel for Cobb County Board of Elections
and Registration, Tori Silas, Steven Bruning,
Stacy Efrat, Debbie Fisher, Jennifer
Mosbacher, and Tate Fall*

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure, because it contains 4,269 words, excluding parts of the document exempted by Rule 32(f), as counted by the word-processing system used to prepare the document.

/s/ *Daniel W. White*
Daniel W. White

# CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, I served this pleading by electronically filing it with this Court's ECF system, which constitutes service on all attorneys who have appeared in this case and are registered to use the ECF system. I further certify that I served the foregoing document on the following participants by electronic mail and by depositing a true and correct copy of the document in the United States Mail, first class postage prepaid, addressed as follows:

**Sarah E. Thompson**
150 Timber Cove
Statesboro, GA 30461

**Edward T. Metz**
6231 Dodgen Road SW
Mableton, GA 30126

**Bulloch County Board of Elections**
c/o Charles P. Aaron and George H Roundtree
26 N. Main Street
Statesboro, GA 30458

**Christopher M. Carr**
**Bryan Webb**
**Elizabeth T. Young**
**Alexandra M. Noonan**
Office of the Georgia
Attorney General
40 Capitol Square SW
Atlanta, GA 30334