# In the
# United States Court of Appeals
# for the Eleventh Circuit

Sarah E. Thompson and Edward T. Metz,
                                    *Plaintiff - Appellants,*

v.

Brian P. Kemp, in his official capacity,
        acting as the Governor of the State of Georgia, et al.
                                    *Defendant - Appellees.*

On Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division,
No. 1:24-CV-4987-MHC - Mark H. Cohen, Judge

**APPELLANTS' PETITION FOR REHEARING EN BANC, FRAP 40**

Sarah E. Thompson, Pro se
150 Timber Cove
Statesboro, GA  30461
(856) 866-6881
freedomwinsusa@protonmail.com

Edward T. Metz, Pro se
6231 Dodgen Rd. SW
Mableton, GA 30126
(404) 831-9288
tedmetz@gmail.com

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

(1) The undersigned, Sarah E. Thompson and Edward T. Metz, Pro Se Co-Plaintiffs, certify to the best of our knowledge that the following is a full and complete list of all parties, including proposed intervenors, that have ever been named in the case, whether or not the party remains in the case:

Jim Benton, Defendant-Appellee

Steven F. Bruning, Defendant-Appellee

William Daughtry, Defendant-Appellee

Stacy Efrats, Defendant-Appellee

Tate Fall, Defendant-Appellee

Debbie Fisher, Defendant-Appellee

Theresa Jackson, Defendant-Appellee

Shontay Jones, Defendant-Appellee

Gov. Brian Kemp, Defendant-Appellee

Jennifer Mosbacher, Defendant-Appellee

SoS Brad Raffensperger, Defendant-Appellee

Tori Silas, Defendant-Appellee

(2) A complete list of other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of the case.

GoReclaimGA, LLC

(3) A complete list of each person serving as an attorney in the case. (Note: This is an estimate. No opposing attorney has filed into this case as of yet.)

Charles P. Aaron, Counsel for Bulloch County Board of Elections

Jeff Akins, Counsel for Bulloch County

Christopher Carr, Attorney General for State of Georgia

Julie Fisher, Counsel for the Ga Sec of State

Kristyn Long, Executive Counsel for the Governor

Charlene McGowan, General Counsel for Ga Sec of State

Alexandra M. Noonan, Assistant Attorney General, Counsel for Defendant/Appellees

George H. Rountree, Counsel for Bulloch County Board of Elections

H. William Rowling, Jr., Counsel for Cobb County

Bryan K. Webb, Deputy Attorney General, Counsel for Defendant-Appellees

Daniel W. White, Counsel for Cobb County BOER

Elizabeth T. Young, Senior Assistant Attorney General, Counsel for Defendant-Appellees

All named citizens are of the State of Georgia, USA.

This 17th Day of March, 2025.


/s/*Sarah E. Thompson*_____          /s/*Edward T. Metz*_____

Sarah E. Thompson, Pro se              Edward T. Metz, Pro se
150 Timber Cove                        6231 Dodgen Rd. SW
Statesboro, GA  30461                  Mableton, GA 30126
(856) 866-6881                         (404) 831-9288
freedomwinsusa@protonmail.com          tedmetz@gmail.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES

INTRODUCTION…………………………………………………………1

STATEMENT OF ISSUES……………………………………………….1

STATEMENT OF PROCEEDINGS…………………………...……………4

SUMMARY OF FACTS…………...…………………………..……………6

ARGUMENT AND AUTHORITIES……………..…………………………7

I.   The Panel Supplants the Prescriptions of Election Law and Replaces Them with an Assistive Electronic Authority……………………………....……7

II.   The Panel Avoids a Major Issue of False Certifications at All Georgia Polls Under Foreign National Law…………...…………………………………9

III.   The Panel Asserts an Abstract Idea of a Legal Election at the Expense of Appellants' Civil Rights………...…….…………………………………11

IV.   The Panel Posits Cases that Bolster Appellants' Civil Rights Claims Involving an Ongoing Issue that is Not Moot……………………………...12

     A. This is an Issue Evading Review……………………………………..13

     B. There are Extensive Collateral Legal Consequences……………………15

CONCLUSION…………………………………………………………...16

STATEMENT OF COMPLIANCE…………………………………..………...17

# TABLE OF AUTHORITIES

## CASES

*Brooks v. Georgia State Bd. of Elections* ................................................................ 13
59 F.3d 1114, 1120–22 (11th Cir. 1995)

*Bush v. Gore* ..................................................................................................... 15
531 U.S. 98, 131-32, 121 S. Ct. 525, 544, 148 L. Ed. 2d 388 (2000)

*Christian Coal. of Fla., Inc. v. United States* ............................................... 14
662 F.3d 1182, 1189 (11th Cir. 2011)

*Ex parte Milligan* ........................................................................................... 3,4
71 U.S. (4 Wall.) 2 (1866)

*FEC v. Wis. Right to Life, Inc.* .................................................................... 13
551 U.S. 449 (2007)

*Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.* ............. 12
528 U.S. 167 (2000)

*Gore v. Harris* ................................................................................................ 15
772 So.2d 1243, 1256–1257 (2000)

*Jacobson v. Fla. Sec'y of State,* ...................................................................... 16
974 F.3d 1236 (11th Cir. 2020)

*Jones v. DeSantis,* ........................................................................................... 16
462 F. Supp. 3d 1196 (N.D. Fla. 2020)

*Moore v. Ogilvie* ............................................................................................. 13
394 U.S. 814 (1969)

*Naturist Soc'y, Inc. v. Fillyaw* ...................................................................... 13
958 F.2d 1515, 1520 (11th Cir.1992)

*News–Journal Corp. v. Foxman* ..................................................................... 13
939 F.2d 1499, 1507 (11th Cir.1991) (quoting Murphy v. Hunt, 455 U.S. 478, 102
S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam)

*Norman v. Reed* .............................................................................................. 17
502 U.S. 279 (1992)

*Powell v. McCormack*……………………………………………………………………..15
395 U.S. 486, 495–500, 89 S.Ct. 1944, 1950–52, 23 L.Ed.2d 491 (1969)

*Reynolds v. Sims*………………………………………………………………………… 1
377 U.S. 533, 566, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964)

*Rhoden v. Athens-Clarke Board of Elections*…………………………….. 2,4,5,11
310 Ga. 266, 850 S.E.2d 146, 147 (2020)

*Roe v. Wade* …………………………………………………………………………….15
410 U.S. 113 (1973)

*United States v. Jackson*………………………………………………………….. 3
25 F. 548, 549 (C.C.W.D. Tenn. 1885)

*Wood v. Raffensperger* ………………………………………………………………14
981 F.3d 1307 (11th Cir. 2020)

**STATUTES**

U.S. CONST. Art. I, § 4, cl. 1……………………………………………………1,3,5

U.S. CONST. Art. IV, § 4, cl. 1……………………………………………………16

U.S. CONST. Amend. 14 …………………………………………………………16

U.S. CONST. Amend. 15 …………………………………………………………16

U.S. CONST. Amend. 19…………………………………………………………16

U.S. CONST. Amend. 26 …………………………………………………………16

2 U.S.C. § 9……………………………………………………………1,2,4,12,13,17

28 U.S.C. § 455………………………………………………………………………5

42 U.S.C. § 1983……………………………………………………………………2,5

52 U.S.C. § 10101(e)………………………………………………………………9

O.C.G.A. §  21-2-2(6) & (28)………………………………………………………5

O.C.G.A. §  21-2-265(a)……………………………………………………………5

O.C.G.A. § 21-2-300………………………..………………..……..………8

O.C.G.A. §  21-2-420(a)…………………………..………………………..……5

O.C.G.A. §§ 21-2-430 to 21-2-440……………………………..…………7,11

O.C.G.A. § 21-2-437(a) & (b)……………………… 1,4,5,6,8,9,11,13,15,16,17

O.C.G.A. § 21-2-493(b)……………………..……………………........5

O.C.G.A. § 21-2-435……………………..…………………..…...15

O.C.G.A. §  21-2-438……………………..……………..…...15

O.C.G.A. §  21-2-440(a)……………………..…………………..5,7,11

**RULES**

Federal Rules of Civil Procedure, Eleventh Circuit…………..…………………  1, 4

Code of Conduct for United States Judges………………………………………12

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 40, Plaintiffs-Appellants Sarah E. Thompson and Edward T. Metz, respectfully petition this Court for rehearing en banc of the panel's decision on March 3, 2025. This case presents questions of exceptional importance regarding constitutional authority in Georgia elections. The panel's decision conflicts with both Supreme Court precedent, prior rulings of this Court, and the rule of law itself.

## STATEMENT OF THE ISSUES

The panel's decision raises issues concerning the fundamental right to vote and the proper interpretation of election laws. The ruling conflicts with *Reynolds v. Sims,* 377 U.S. 533 (1964), which emphasizes that elections must be conducted in accordance with constitutional principles to ensure equal protection. Specifically, the U.S. CONST. Art. 1, § 4, cl. 1 requires that elections are by prescriptions of state law, made and altered by federal law.

The panel's statements indicate that it has joined the District Court in legislating from the bench, both by adding to and subtracting from clearly stated and relevant laws — 2 U.S.C. § 9 and concurrent O.C.G.A. § 21-2-437(a) and (b). Doing so effectively supports Appellees in repeated unconstitutional and *ultra vires* actions under color of law that prohibit the lawful, manual counting of Appellants'

votes and duly certified returns by poll officers. In avoiding the rule of law that provides for human election conduct, the panel abused its federal authority by attempting to bury the legitimate civil voting rights claim under 42 U.S.C. § 1983 by the military Veteran Appellants. This case is not moot.

Furthermore, under 2 U.S.C. § 9, all votes for U.S. Representatives must be cast by paper ballot or a state-authorized voting machine. The panel's decision to allow Georgia to deviate from these statutory requirements undermines the integrity of federal elections and contradicts Congress's express mandate for ballot procedures. Georgia votes by paper ballot, "subject to statutory provisions governing the use of paper ballots." See holding 1, *Rhoden v. Athens-Clarke Board of Elections*, 310 Ga. 266, 850 S.E.2d (2020). Cited over twenty times in the *Rhoden* Order, O.C.G.A. § 21-2-437 prescribes the constitutional Manner for a certifiable count and duly certified return. Electronic equipment is merely assistive, adjunct, and not a substitute for paper ballots. *Rhoden* at 146-147.

The panel promulgates their belief that a lawful election occurred by stating in its unpublished opinion that Georgia has "conducted, counted, and certified" the November 5, 2024 election. Without even citing statutes, it supplants the aforementioned lawful manner of election to the artificial authority of a corporate electronic system that it has elevated above the U.S. Constitution itself.

Federal election duties of public officials within the United States are built on clear and longstanding constitutional foundations that the panel evades, such as:

> When the duty is assumed by him **he comes immediately within the jurisdiction of this federal law**, and must obey it or take the consequences here by this statute itself imposed for any neglect, refusal, or violation of that duty. *United States v. Jackson,* 25 F. 548, 549 (C.C.W.D. Tenn. 1885).

> Whenever a member of congress is to be elected, **this act of congress steps in to protect the people** of the whole United States against the evil effects of fraudulent elections by punishing those who hold the election for **every violation of duty** in the performance of their functions… *Id* at 549.

The panel's statements exemplify a judicial power flex to override the Election Regulations Clause, U.S. CONST. Art. 1, § 4, cl. 1, itself. The rule of relevant state and federal law supersedes any of its **abstract** notions that assistive electronic equipment can ever attain legal hierarchy any more than a calculator can attain hierarchy on a basic math exam.

The panel has supported Appellee government officials, who have prohibited the prescriptions of law *de facto* and, as such, have conducted fraudulent elections and certifications. As such, the panel **disposes of Appellants' fundamental civil voting rights**. This is to be expected. When the rule of law collapses, civil rights lose their shield. American jurisprudence presupposes legal order, such as the decision in *Ex parte Milligan* that underscores that civil rights, like the right to a fair trial, depend on the rule of law being upheld. The Court warned of the

"absolute and uncontrolled" power that could strip rights away - that happens without legal order. *Ex parte Milligan* 71 U.S. (4 Wall.) 2 (1866).


## STATEMENT OF PROCEEDINGS

U.S. Veteran Appellants have taken valiant strides to return constitutional standards to their Georgia jurisdictions. On October 31, 2024, they filed a Verified Ex Parte Emergency Motion with the U.S. Court of the Northern District of Georgia for a Temporary Restraining Order per Fed. R. Civ. P. 65(b)(1). They filed against Appellees, who conduct themselves on behalf of the State of Georgia, of which Appellee Brian P. Kemp is Governor. Their claims were to gain federal action to affirm and preserve **dominant and unambiguous** prescriptions of state and federal election law, absent which they would be irreparably injured on November 5th. Specifically, they demonstrated that Appellees planned to, again, fail to comply with longstanding O.C.G.A. § 21-2-437(a) and (b), which is the prescriptive manner for Georgia to comply with the paper ballot requirement of 2 U.S.C. § 9. See also *Rhoden*, holding 1.

On November 1st, the District Court denied relief. November 4th, Appellants filed their Notice of Appeal to the Eleventh Circuit. On Election Day, November 5th, the concrete, particularized injury that they predicted on pages 36

to 38 of their Emergency Motion was egregiously compounded. Appellees failed to administer O.C.G.A. § 21-2-437(a) and (b), further failing to ensure lawful certificates from polling places required by O.C.G.A. § 21-2-265(a), 21-2-493(b), and 21-2-440(a) to satisfy 2 U.S.C. § 9. (Prin. Brief - App. Vol. II, Tab 26, Ex. F.1 to P). On November 18th, with more evidence of their now concrete, particularized injury, Appellants filed a Time-Sensitive Motion for Relief. (Prin. Brief - App. Vol. II, Tab 1). Based on the consequences of the District Court's failure to uphold the law and Appellees subsequent unconstitutional acts on November 5th, Appellants requested valid legal remedies to restrain Appellees from further unlawful certification of an **invalid** election, denied by this Court.

On December 13th, Appellants filed a Motion for District Court Judge Mark H. Cohen to recuse himself under 28 U.S.C. § 455. (Motion to Recuse). By denying the plain meaning of law, the District Court has erected a judicial roadblock that excused it from reviewing Plaintiff's claims as violative of their fundamental civil voting rights under 42 U.S.C. § 1983.

Appellees willfully fail to execute the U.S. Const. Art. 1, § 4, Cl. 1 Time, Place, and Manner of holding elections prescribed and fixed by O.C.G.A. §§§§ 21-2-437(a) & (b), 21-2-265(a), 21-2-420(a), and 21-2-2(6) & (28) and consistent with holding 1 in *Rhoden* at 146-147. By elevating electronic data reports above state prescriptions, with no statutory authority to do so, Appellees

wield direct and repeated blows to Appellants' constitutional rights.

Unlike nearly every case the federal judiciary has heard regarding elections since 2020, this case is not about the accuracy of [uncertifiable] electronic counts. (Mot. for TRO, pgs. 6-7; Notes 2, 3, 4). This case is about re-establishing human authority based upon the rule of law in Georgia elections that has been long-denied by Appellees since the state's furnishing of assistive equipment to Georgia counties in 2019. Until proper federal review occurs, the law appears optional and rights appear disposable.

## STATEMENT OF FACTS

Before the November 5th, 2024 Presidential General Election, Plaintiffs newly identified an unconstitutional plan by Appellees to prohibit the prescription of O.C.G.A. § 21-2-437 in the counting of their votes and the duly certifying of returns by manual methods of poll officers. They diligently provided practical notice to Appellees to propel them to pivot back to the rule of law and away from their false delegation of authority to the corporate electronics used in elections since March 2020. Election Day came and went without Appellees counting Appellants' votes by prescriptions of law. Failing to produce requisite tally sheets based on manual vote counts per subsection (a), poll officers did not duly certify at

any Georgia poll per subsection (b). As such, certifications at poll, county, and state level are, by legal fact, invalid.

## ARGUMENT AND AUTHORITIES

### I. The Panel Supplants the Prescriptions of Election Law and Replaces it with an Assistive Electronic Authority

The federal judiciary has failed to restrain Appellee government officials from taking the aforementioned action in contravention of federal statutes or to compel the undertaking of affirmative obligations imposed by the Constitution and federal laws. (Mot. for TRO, note 1).

Appellants exhaustively petitioned the federal judiciary **to preserve the November 5th Election** by directing officials to conduct the state prescriptions that uphold the proper legal hierarchy of O.C.G.A. §§ 21-2-430 to 21-2-440, election conduct for precincts using paper ballots. Instead of acting to defend the rule of law, federal judicial officers have issued opinions that indicate a sort of joinder with government Appellees set on intentionally denying legal hierarchy.

Electronic data on printed accounting strips was, in fact, applied to the final election results by Appellees. (Appellants Prin. Brf. - App. Vol. II, Tab 26, F to P). By the panel asserting that the November 5th election was "conducted, counted, and certified," this implies their belief that it was done so legally. By deduction, the

panel supports **the authority of assistive electronic equipment** in providing the official count of votes and return of results at Appellants' Place of Election. The panel has joined Appellees in elevating this electronic authority above the prescriptions of law, thus supplanting both the prescriptions of law and, with them, the U.S. Constitution.

The panel fails to state any statutory law. As such it appears to join the District Court in its unfounded legal belief that longstanding O.C.G.A. § 21-2-437(a) and (b) "Procedure as to count and return of votes generally" (District Order, pg. 10), which prescribes the **constitutional <u>Manner</u>** for a certifiable vote count and duly certified return of totals by poll officers, is **"<u>devoid</u> of any reference to hand counting or any "human method.""** (District Order, pg. 11). It appears to believe that paper ballot prescriptions and the paper ballots themselves are merely for "back-up" and for "auditing" of electronics (See Mot. for TRO, note 4). That is illicitly incorrect.

What is ironic in this conundrum that federal judiciary has created is that Part 2 of the the Georgia Election Code for "Precincts Using Paper Ballot" is **<u>actually completely devoid of the words "device," "equipment," "electronic," and "tabulator,"</u>** all critical to the artificial electronic authority.

O.C.G.A. § 21-2-300, which Appellees use as authority for wielding electronic data reports over human manual returns actually supports Appellants'

claims. The law to furnish universal assistive electronic equipment to every county states as follows:

> (2) … all federal, state, and county general primaries and general elections as well as special primaries and special elections in the State of Georgia shall be conducted with the use of scanning ballots marked by electronic ballot markers and tabulated by using ballot scanners for voting at the polls and for absentee ballots cast in person, **unless otherwise authorized by law;**

Based on the fact that O.C.G.A. 21-2-437(a) and (b) replete with human dominion, it appears that the federal judiciary has legislated from the bench by both inserting electronic authority in the certifiable return process and attempting to declare our elections void of human conduct. It appears that the panel has taken another shot at breaching separation of powers, while aiming for nullification of Appellants voting rights as defined, in part, by 52 U.S.C. § 10101(e).

## II. The Panel Avoids a Major Issue of False Certifications at All Georgia Polls Under Foreign National Law

All Georgia poll officers, and those of several states have been repeatedly coerced to sign an electronic print-out as a certificate of election **under foreign national law** called "The Local Authority Election Act." This *ultra vires* election administration of Appellees, using sworn poll officers, constitutes definitive

subversion and an act of overthrow under federal definitions. (See evidence in full within Appellants Prin. Brf. - App. Vol. II, Tab 26, F.1 to I).

The federal judiciary's avoidance of these legal facts resemble transnational criminal activity and provide yet another reason to call a rehearing en banc.

Image 1. The Local Authority Election Act is Not Domestic Law. This is one of thousands of electronic strips signed as false certificates of election under foreign national law on November 5, 2024 by sworn poll officers of Georgia. This exhibit is from Bulloch Cty, Fairgrounds Voting District. Ex. F.1




### III. The Panel Asserts an Abstract Idea of a Legal Election at the Expense of Appellants' Civil Rights

For the panel to assert the proposition that Appellants attempted to "stop the election" is demonstrably erroneous. It blatantly ignores Appellant's repeated claims to re-establish the rule of law and preserve the election. Appellants' request to restrain Appellees from prohibiting the conduct of dominant law is consistent with the Order of the Georgia Supreme Court in *Rhoden,* and the statutory authority of O.C.G.A. §§ 21-2-430 to 21-2-440 for elections by paper ballot.

No poll officer statewide on November 5, 2024 conducted a certifiable vote count and return of total per O.C.G.A. § 21-2-437. Absent lawfully certified election results and tally sheets, Appellants took the next lawful step in their November 4th Notice of Appeal, **to protect the United States.** In filing their Emergency Motion with Eleventh Circuit on November 18th, 2024, they attempted to gain judicial support in averting unlawful election certifications absent requisite accounting. That is a legal fact.

Although the U.S. Constitution is Supreme, the federal judiciary has failed to act to prevent the consummation prohibited federal acts that irreparably injure Appellants. (Appellants Prin. Brf. - Arg. II & IV). The federal judiciary, by elevating an unlawful electronic authority above the U.S. Constitution has failed to respect the Supremacy Clause. The unpublished opinion of March 3rd appears to be a direct act to further weaken the U.S. Constitution at the expense of Appellants.

The panel's false proposition that Appellants worked to stop the election appears to be a low attempt to discredit U.S. Veteran Appellants. This may be a violation of Canon 1, Canon 2, and Canon 3 of the *Code of Conduct for United States Judges.* Given that the Court is openly joining Appellees in their request to bury what can easily be assessed as *ultra vires* actions by receiving and recording votes outside of the paper ballot method prescribed in Georgia under 2 U.S.C. § 9, this is no surprise. Protected by titles, judges are not common men. The panel appears to regard their constitutional and judicial oaths as *de minimis.* The federal judiciary has actually acted as an iron hammer against the dominant authority of human acts within the rightful voting franchise of Appellants.

## IV. The Panel Posits Cases that Bolster Appellants' Civil Rights Claims Involving an Ongoing Issue that is Not Moot

Though the government officials managed to bureaucratically advance invalid election certificates absent certifiable, requisite, and humanly-produced accounting procedures of O.C.G.A. § 21-2-437 and 2 U.S.C. § 9, this case is far from moot. None of the posited cases support the unpublished opinion of the Eleventh Circuit that this case is moot. Only one exception to the mootness doctrine is necessary for judiciary to continue their review. *Friends of the Earth v. Laidlaw Environmental Services (TOC), Inc.* 528 U.S. 167 (2000). Multiple exceptions apply in this case. (Appellants' Prin. Brf - pgs. 29-33).

## A. This is an Issue Evading Review

A case is not moot where the issue raised is "capable of repetition, yet evading review." See, e.g., *Naturist Soc'y, Inc. v. Fillyaw,* 958 F.2d 1515, 1520 (11th Cir.1992) (citations omitted). This exception allows a court to reach the merits of a case that is otherwise moot if (1) there is a "'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party," and (2) the "challenged action was in its duration too short to be fully litigated prior to its cessation or expiration." The *News–Journal Corp. v. Foxman,* 939 F.2d 1499, 1507 (11th Cir.1991) (quoting *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam)). See also *Moore v. Ogilvie,* 394 U.S. 814 (1969) and *FEC v. Wis. Right to Life, Inc.,* 551 U.S. 449 (2007).

This case meets test 1. Not only is there a reasonable expectation of recurring controversy, it is factually planned by the State of Georgia.[1] As such, the panel's cited case of *Brooks v. Georgia State Bd. of Elections,* 59 F.3d 1114, 1120–22 (11th Cir. 1995) does not apply to this case. It was regarding a controversy that had only a mere physical or theoretical possibility of recurrence, which is not true in the present case.

---

[1] *2025 Elections Calendar and Highlights,* Office of the Georgia Secretary of State Elections Division, https://sos.ga.gov/sites/default/files/forms/2025%20Elections%20Calendar.pdf (last visited Mar 15, 2025).

This case meets test 2. The District Court complained in its Order on page 15 about the short duration of the challenged issue, yet could have easily restrained state and county officials from prohibiting the human counting of Appellants' votes, which is **prescribed law.** The Eleventh Circuit can see *prima facie* that, even with months of opportunity to review this case, the time has been "too short" to fully litigate the issues of this case. This demonstrates evasion.

Christian Coal's final claims are drawn from the judicially created exceptions to the mootness doctrine. *Christian Coal. of Fla., Inc. v. United States,* 662 F.3d 1182, 1189 (11th Cir. 2011). Electronic data reports substituted unlawfully in place of the Appellants' lawful vote count and duly certifiable results per O.C.G.A. § 21-2-437 at their Place of Election do not satisfy this case any more than a full refund of taxes rendered the refund suit moot in *Christian.* Both matters are "capable of repetition yet evading review." The case of *Zinni* also supports the Appellants' position. *Zinni v. ER Sols., Inc., 692 F.3d 1162, 1163–64 (11th Cir. 2012).* Eleventh Circuit found that the district court **erred** in concluding Appellees' offers of settlement were for full relief such that the Appellants' cases were mooted.

Finally, the usage of the cited case of *Wood* is weak as the Appellants 1) have standing to file, and  2) the relief sought in the original Verified Complaint was a reasonable one for election law compliance **before** November 5th. The

Court must consider the certainty of repetition due to the ongoing lack of legal compliance remaining in controversy and grant an exception to the mootness doctrine as in *Roe v. Wade (410 U.S. 113, 1973)*.

## B. There are Extensive Collateral Legal Consequences

Another exception to the mootness doctrine occurs when an order will have possible collateral legal consequences. *Powell v. McCormack,* 395 U.S. 486, 495–500, 89 S.Ct. 1944, 1950–52, 23 L.Ed.2d 491 (1969).

By denying the force and effect of relevant laws, the Eleventh Circuit removes voter intent from Georgia elections. Laws governing voter intent include: O.C.G.A. §§§ 21-2-435, 21-2 437, and 21-2-438. This corresponds to *Gore v. Harris,* 772 So.2d 1243, 1256–1257 (2000) as cited in *Bush v. Gore,* 531 U.S. 98, 131–32, 121 S. Ct. 525, 544, 148 L. Ed. 2d 388 (2000) (The court read that objective of looking to the voter's intent as indicating that the legislature probably meant "legal vote" to mean a vote recorded on a ballot indicating what the voter intended.) The National Conference of State Legislatures also agrees with this assessment.[2] These are the very acts of law that the Appellees prohibit to grant their assistive electronic equipment reports to a position of legal hierarchy.

---

[2] *Voter Intent Laws.*
https://www.ncsl.org/elections-and-campaigns/voter-intent-laws (last visited Mar 14, 2025).

By dismissing the Appellants' appeal, it buries the very basis of civil and human rights - individual freedom of conscience in electing its government representatives under the rule of law. The federal judiciary has acted directly against the civil rights of Appellants who have a clear right to ask that their fundamental right be protected in a claim under 42 U.S.C. § 1983. Its dismissal action is oppositional to the 14th, 15th, 19th, and 26th Amendments of the U.S. Constitution.

Allowing Appellees to continue directly prohibiting Georgia poll officers from exercising their sworn duties with human vision, judgment, and discretion per the mandates to them in O.C.G.A. § 21-2-437(a) and (b) is unconscionable. This **unconstitutional coercion cannot continue.** Elections directly undergird our form of government. By not completely litigating this case, the Eleventh Circuit avoids its direct constitutional mandate **to guarantee** to the State of Georgia, and its American citizens, a republican form of Government per U.S. CONST. Art. IV, § 4, cl. 1. This is a collateral legal consequence that creates innumerable others.

## CONCLUSION

The Eleventh Circuit has previously granted en banc review in cases involving election integrity and constitutional violations, making this case an appropriate candidate for full-court review. See *Jacobson v. Fla. Sec'y of State*, 974

F.3d 1236 (11th Cir. 2020) and *Jones v. DeSantis*, 462 F. Supp. 3d 1196 (N.D. Fla. 2020). The Supreme Court has repeatedly recognized that election-related claims that evade review due to timing concerns may still warrant judicial consideration. *Norman v. Reed,* 502 U.S. 279 (1992).

For the foregoing reasons, Plaintiffs-Appellants respectfully request that the Court grant rehearing en banc to correct the panel's errors and ensure uniformity in the application of state and federal law. It is exceptionally significant and unconstitutional for Appellee government officials to accept uncertifiable electronic data outputs over human authority in elections as constitutionally prescribed by O.C.G.A. 21-2-437(a) and (b) and 2 U.S.C. § 9 for elections by paper ballot requiring only paper, pens, and sworn poll officers to conduct.

Respectfully submitted,

**/s/ Sarah E. Thompson**
Sarah E. Thompson, Pro se
150 Timber Cove
Statesboro, GA  30461
(856) 866-6881
freedomwinsusa@protonmail.com

**/s/ Edward T. Metz**
Edward T. Metz, Pro se
6231 Dodgen Rd. SW
Mableton, GA 30126
(404) 831-9288
tedmetz@gmail.com

# CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Rule 40 and 32 of the Federal Rules of Appellate Procedure because it contains 3,750 words, excluding parts of the document exempted by Rule 32(f), as counted by the word-processing system used to prepare the document.

**/s/ Sarah E. Thompson**
Sarah E. Thompson, Pro se
150 Timber Cove
Statesboro, GA 30461
(856) 866-6881
freedomwinsusa@protonmail.com

**/s/ Edward T. Metz**
Edward T. Metz, Pro se
6231 Dodgen Rd. SW
Mableton, GA 30126
(404) 831-9288
tedmetz@gmail.com

## CERTIFICATE OF SERVICE

---

We hereby certify that on March 17, 2025, we served this Motion for Rehearing En Banc, FRAP 40 by electronically filing it with this Court's ECF system, which constitutes service on all attorneys who have appeared in this case and are registered to use the ECF system. We further certify that we served the foregoing document on the following non CM/ECF participants by electronic mail and by depositing a true and correct copy of the document in the United States Mail, first class postage prepaid, addressed as follows:

| | |
|---|---|
| Governor Brian Kemp<br>Secretary Brad Raffensperger<br>Attn: Elizabeth T. Young<br>Georgia Department of Law<br>40 Capitol Square, SW<br>Atlanta, GA 30334<br>eyoung@law.ga.gov | Brown Rountree PC<br>Attorney for Bulloch Cnty Brd. of<br>Elections 26 N. Main Street<br>Statesboro, GA 30458<br>(912) 489-6900<br><br>Daniel W. White<br>Attorney for Cobb Cny Brd. of Elec. &<br>Reg. 222 Washington Ave<br>Marietta, GA 30060<br>770-422-8900<br>dwhite@hlw-law.com |

/s/___*Sarah E. Thompson*_____      /s/____*Edward T. Metz*_____

Sarah E. Thompson, Pro se            Edward T. Metz, Pro se
150 Timber Cove                      6231 Dodgen Rd. SW
Statesboro, GA  30461                Mableton, GA 30126
(856) 866-6881                       (404) 831-9288